IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GEORGIA C. RUTHERFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:23-CV-180 |
| ) | |
| DOLGENCORP, LLC d/b/a ) | |
| DOLLAR GENERAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Dolgencorp, LLC d/b/a Dollar General Corporation ("Dollar General"), by counsel, hereby files this Notice of Removal to remove the above-entitled civil action from the Superior Court of Jefferson County, Indiana, to this Court based upon the following supporting grounds, appearing solely for the purpose of removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

1. Copies of all process and pleadings filed and/or received by Dollar General and the docket sheet for the Jefferson Superior Court action, as of October 30, 2023, are attached hereto and incorporated herein as *EXHIBIT 1*.

2. Dollar General is a defendant in a *Complaint for Damages* filed in the Jefferson County Superior Court, entitled *Georgia C. Rutherford v. Dolgencorp, LLC d/b/a Dollar General Corporation, and Rosa, Donald J. and Susan D. Trust*, under Case No. 39D01-2305-CT-000434, a copy of which is attached hereto as *EXHIBIT 2*.

3. Plaintiff, Georgia C. Rutherford ("Plaintiff"), filed her Complaint for Damages on May 19, 2023.  Plaintiff alleges damages arising from an incident on April 8, 2023, at a Dollar General store located at 3691 Clifty Drive, Madison, Jefferson County, Indiana, at which time Plaintiff claims that she tripped on a curb and fell due to a narrow walkway Dollar General created for the purpose of permitting a group to sell cookies at or near Dollar General's main entrance, causing her personal injuries and other damages.  Plaintiff further claims that Dollar General was "negligent in failing to exercise reasonable care in maintaining the Dollar General Store in a reasonably safe condition." Plaintiff also contends that Dollar General "knew or in the exercise of reasonable care would have discovered that the area of the Defendants' Property where the Plaintiff, GEORGIA C. RUTHERFORD, fell was dangerous, and should have realized that it involved an unreasonable risk of harm to invitees."

4. Plaintiff served a summons and copy of the Complaint upon Dollar General via USPS certified mail on May 30, 2023. (*See EXHIBIT 1*). Plaintiff also served a summons and copy of the Complaint upon Co-Defendant, Rosa, Donald J and Susan D Trust, via USPS certified mail on May 31, 2023. (*See EXHIBIT 1*).

5. Despite attempts by undersigned counsel, the citizenship of Rosa, Donald J and Susan D Trust could not be determined following Plaintiff's filing of her Complaint.

6. This Notice of Removal is being filed within 30 days after the State Court's Order granting stipulation of dismissal of Co-Defendant Rosa, Donald J and Susan D Trust, rendering the case removable, and is therefore timely under 28 U.S.C. § 1446(b)(3). (*See EXHIBIT 1*).

7. Plaintiff's Complaint states that she is a resident of Scott County, Indiana. (*EXHIBIT 2*, ¶ 1). Accordingly, **Plaintiff is a citizen of Indiana.**

8. Defendant Dolgencorp, LLC d/b/a Dollar General Corporation is a foreign limited liability company. The sole member of Dolgencorp, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in Tennessee and has its principal place of business in Tennessee. Therefore, **Dolgencorp, LLC is a citizen of Tennessee**.

9. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Because Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332(a).

10. Plaintiff's Complaint for Damages provides no information regarding the value of her claims. However, Plaintiff alleges that she "experienced physical pain, mental anguish, and the loss of enjoyment of life from her personal injuries," and that she has "incurred medical expenses and other costs."

11. "[T]he proponent of [federal] jurisdiction . . . has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. That is easier said than done when the plaintiff, the master of the complaint . . . provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. Once the defendant in a removal case has established

3

the requisite amount in controversy, the plaintiff can defeat [federal] jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (internal citations omitted). Thus, the amount in controversy exceeds $75,000, exclusive of interests and costs required under 28 U.S.C. § 1332(a).

12. Accordingly, the requirements for complete diversity and amount in controversy are satisfied, and this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). This case is subject to removal in accordance with the provisions of 28 U.S.C. § 1441(b)(3) in that it is a civil action between citizens domiciled in different states and the preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

13. Because the state court action was filed in Jefferson County, Indiana, the District Court for the Southern District of Indiana, New Albany Division, is the proper venue. *See* 28 U.S.C. §§ 1441(a) and 94(b)(1).

14. On October 30, 2023, a Notice of Filing of this Notice of Removal will be filed with the Jefferson County Superior Court via that court's electronic filing system and will be served upon all counsel in this action. A copy of that Notice is attached hereto as *EXHIBIT 3*.

WHEREFORE, the Defendant, Dolgencorp, LLC d/b/a Dollar General Corporation, by counsel, respectfully gives notice that this civil action is removed to this Court from the Jefferson County Superior Court.

        Respectfully submitted,

        */s/ Houston A. Hum*
        Houston A. Hum (31352-49)
        Brooke M. Behrens (37509-06)
        REMINGER CO., LPA
        College Park Plaza
        8909 Purdue Road, Suite 200
        Indianapolis, IN 46268
        T: 317-663-8570 | F: 317-228-0943
        hhum@reminger.com; bbehrens@reminger.com
        *Attorneys for Defendant Dolgencorp, LLC d/b/a*
        *Dollar General Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed on this 30th day of October, 2023 using the Court's CM/ECF system, which will send notice to all counsel of record.

Matthew T. Kavanagh
STEWART & STEART
931 South Rangeline Road
Carmel, IN 46032
MatthewK@getstewart.com

                                           */s/ Houston A. Hum*
                                           Houston A. Hum
                                           REMINGER CO., L.P.A.